NOLLNER et al. v. SHAWVER.

No. 13232.

United States Court of Appeals Fifth Circuit.

Jan. 5, 1951.

Holmes, Circuit Judge, dissented.

**238**

Z. D. Allen, Philip S. Kouri, Wichita Falls, Tex., for appellants.

Hobert Price, Dallas, Tex., for appellee.

Before HUTCHESON, Chief Judge, and HOLMES and RUSSELL, Circuit Judges.

### PER CURIAM.

In this suit, appellant and his wife sought damages from appellee for personal injuries alleged to have been caused by the negligence of the defendant's employee in operating a tractor-trailer truck whereby it collided with the plaintiff appellant's automobile. The vehicles were moving in the same direction on a Texas highway. The plaintiffs contended that immediately before the collision the tractor-trailer moved to the left hand lane of the highway just before reaching the intersection of the highway and a country road which was obstructed by weeds. Thinking the defendant's truck was preparing to turn to the left, plaintiff speeded up slightly preparing to continue and pass in the right hand lane when suddenly the tractor-trailer turned to the right in front of his car which rendered avoidance of a collision impossible, even though plaintiff's car was driven off of the paved portion of the highway and on to the shoulder. Defendant contended that his truck remained in the right hand lane, and that the driver slowed down and held out his hand to signal the turn preparatory to making a right hand turn and that notwithstanding this, and the driver's due caution, the plaintiff drove his car into the truck. The evidence would have authorized the jury to find in favor of either contention. Under a charge of the Court, not excepted to otherwise than as next stated, the jury returned a verdict in favor of the defendant.

The only assignment of error presented by this appeal complains that the Court defined to the jury "unavoidable accident" and charged the effect that should be given this issue in their determination of the case. In his answer the defendant had tendered this defense. Counsel for the plaintiff attempted to except to the charge. It appears from the record that the Court, prior to charging the jury, had gone "over with the lawyers who are interested in this cause, the matters that should be charged," and the denial of the exception was placed upon the ground "you did not question the propriety of the giving of the charge, you had an opportunity to do so."

While there is some diversity of opinion among the Court as to whether, in view of the prior acquiescence of counsel in the issue which the Court stated he proposed to submit to the jury, any consideration of the matter is necessary other than to determine that no grossly prejudicial injury has been done, on the one hand, or, on the other, that the charge was not legally erroneous because authorized by the evidence, we are nevertheless agreed that the appellant's contention of reversible error is not established.

The judgment appealed from is
Affirmed.

HOLMES, Circuit Judge (dissenting).

I think that there has been a miscarriage of justice in this case, due to the erroneous submission to the jury of the issue of unavoidable accident. With over a million cars on the highways passing each other safely every day, to say that the injuries to appellants resulted from an unavoidable accident is to belie the facts of life and to encourage carelessness in driving automobiles.

The erroneous instruction was duly excepted to before the jury retired; and the right to reserve this exception, in my opinion, was not waived.